# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-395-RJC

| | |
|---|---|
| BENSON EJINDU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CENTERS FOR MEDICARE & ) | |
| MEDICAID SERVICES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 3). The matter is ripe for adjudication.

## I.  BACKGROUND

Pro se Plaintiff Benson Ejindu ("Plaintiff") filed his Complaint in this action on July 17, 2014. (Doc. No. 1). That same day, a summons was issued against Defendant Centers for Medicare and Medicaid Services ("CMS" or "Defendant"). (Doc. No. 2). The Complaint alleges jurisdiction in this Court pursuant to 42 U.S.C. §§ 1983 and 1985. Defendant administers Medicare, which is a program of the Social Security Act. Plaintiff previously participated in the Medicare program and received Medicare reimbursement until Defendant revoked Plaintiff's Medicare participation. Plaintiff asserts this revocation as the basis for his one cause of action, which he labels "phone record." (Doc. No. 1).

Defendant asserts that copies of the Complaint and Summons were sent to CMS, but were neither served on the Office of the United States Attorney for the Western District of North Carolina, nor sent by registered or certified mail to the Attorney General of the United States.

(Doc. No. 3 ¶4). In reviewing the docket, it does not appear that summonses were issued for the United States Attorney or the Attorney General, and no proof of service has been provided as to any party. Defendant filed its Motion to Dismiss on June 22, 2015, which moves to dismiss this case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. No. 3).

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff on January 11, 2016, of his right to respond to Defendant's Motion to Dismiss. (Doc. No. 4). The Court also advised Plaintiff that failure to respond may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint with prejudice. Plaintiff has not filed a response to the Motion to Dismiss, and the time for doing so has expired.

## II. DISCUSSION

### A. <u>Rules 12(b)(2), 12(b)(4), and 12(b)(5)</u>

Federal Rule of Civil Procedure (the "Rules") 4 governs service of process and provides that a plaintiff is responsible for having a summons containing a copy of the complaint served on a defendant. Fed. R. Civ. P. 4(c)(1). Rule 4(i) further provides that service of a complaint against an agency of the United States is accomplished by: (1) delivering a copy of the summons and a copy of the complaint to the United States Attorney's office for the district where the action is brought; (2) sending a copy of each by registered or certified mail to the Attorney General of the United States; and (3) sending a copy of each by registered or certified mail to the agency. Additionally, at the time Plaintiff filed his Complaint, Rule 4(m) established that such service must occur within one hundred and twenty (120) days following the filing of the complaint.

A court cannot exercise personal jurisdiction over a party until it has been properly served

in accordance with the applicable Rules. The burden of establishing proper service rests upon the plaintiff. Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010); see also Danik v. Hous. Auth. of Baltimore City, 396 F. App'x 15, 16 (4th Cir. 2010). A plaintiff's pro se status is insufficient to establish good cause justifying a failure of service, even where the pro se plaintiff mistakenly believes that service was made properly. Hansan v. Fairfax Cty. School Bd., 405 Fed. Appx. 793, 794 (4th Cir. 2010). Good cause requires a showing that the plaintiff "made reasonable and diligent efforts to effect service prior to the 120-day limit." Quann v. White-Edgewater, 112 F.R.D. 649, 661 (D. Md. 1986).

No summons has been issued for the United States Attorney or the Attorney General in this case, and over eighteen months have passed since Plaintiff filed his Complaint. Plaintiff has failed to respond to the Court's Order, and he has not provided any proof of service or good cause justifying his failure of service. The Court finds that Plaintiff has not satisfied the requirements of Rule 4. Consequently, Plaintiff's Complaint must be dismissed pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) due to insufficient process, insufficient service of process, and a concomitant lack of personal jurisdiction, arising from the lack of summonses directed to the United States Attorney's Office and the Attorney General as well as the lack of service of such summonses, together with copies of the Complaint.

B. Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim challenges the legal sufficiency of a complaint. When considering such a motion, a court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion,

the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff, therefore, must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Although courts must liberally construe pro se complaints, Erickson v. Pardus, 551 U.S. 89, 94 (2007), threadbare recitals of the elements of a cause of action and mere conclusory statements with insufficient factual allegations, even when asserted by a pro se plaintiff, will simply not suffice. Iqbal, 556 U.S. at 678.

In this case, Plaintiff's Complaint is devoid of any fact that would give rise to any cause of action against the United States for committing any tort against the Plaintiff or for violating 42 U.S.C. §§ 1983 and 1985 by abridging Plaintiff's constitutional rights, privileges, or immunities under the authority or color of state law. No facts were alleged in the Complaint that support any claim under §§ 1983 or 1985, and by definition, any action by CMS, which is a federal agency, was not taken under the authority or color of state law. See Askew v. Bloemker, 548 F.2d 673. 677 (7th Cir. 1976) ("No claim lies under § 1983, however, for actions taken under color of federal law."). In other words, a § 1983 claim is limited to those cases where a defendant has acted under color of state law, and the statute does not apply to actions by federal officers or agencies acting in their official capacity in federal proceedings. District of Columbia v. Carter, 409 U.S. 418, 424–25 (1973) (holding that actions of the Federal Government and its agents are facially exempt from the proscriptions of § 1983). Moreover, the United States has not consented to suit under the Civil

Rights Acts, 42 U.S.C. § 1981 et seq.; therefore, Plaintiff's claims are barred by the doctrine of sovereign immunity. Unimex, Inc. v. U.S. Dep't of Housing & Urban Dev., 594 F.2d 1060, 1061 (5th Cir. 1979) (holding that claims under 42 U.S.C. §§ 1981, 1982, and 1986 against a U.S. government agency are barred by sovereign immunity); see also Newsome v. EEOC, 301 F.3d 227, 233 (5th Cir. 2002) (holding the same regarding claims brought under 42 U.S.C. § 1985). Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore, his Complaint must also be dismissed pursuant to Rule 12(b)(6).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 3), is **GRANTED**;
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**; and
3. The Clerk of Court is directed to close this case.

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge